# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50585

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: December 19, 2023 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| RODRICK DARELL BURNS, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of twenty years, with ten years determinate, for felony domestic battery, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Rodrick Darell Burns pled guilty to one count of felony domestic battery in the presence of a child, Idaho Code §§ 18-918(2), -903(a), -918(4), and to two counts of misdemeanor battery, I.C. § 18-903(a). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of twenty years, with a minimum period of confinement of ten years, for the felony domestic battery charge. The court ordered 180 days jail, with credit for time served, for each of the misdemeanor battery charges. Burns appeals, contending that his sentence is excessive.

1

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Burns' judgment of conviction and sentence are affirmed.